## J. S. VanWinkle *v.* A. J. Kayer et al.

**Assignments—Obligee's Liability to Assignee.**

An obligee who has notice, oral or written, of the assignment of a claim, can not escape liability to the assignee, by payment of the amount of the claim to the assignor, or by purchasing debts against the assignor as set-offs against the claim.

**Trial—Issues—Instruction.**

An issue of fact not raised by the pleadings should not be submitted to the jury by instruction.

APPEAL FROM CLINTON CIRCUIT COURT.

March 17, 1874.

Opinion by Judge Peters:

Instruction No. 2, given at the instance of appellee, is erroneous and prejudicial to appellant. By it the jury are told that if they believe that defendant paid off the $100 he agreed to pay Isaac Kayer, or that he bought or paid on debts of Isaac Kayer to that amount, without written notice of the alleged assignment, they ought to find for the defendant.

If Isaac Kayer had assigned his claim on appellee to appellant and his partner, and then had notified appellee of the assignment before he paid their assignor, or before he had bought any debts on him, whether such notice was by parol or by writing, he could not escape the responsibility to pay the assignees the amount he owed the assignor, by payment to him or by purchasing debts on him to be set off against the debt previously assigned.

Instruction No. 3, given on motion of appellee, was misleading and erroneous. The action was brought on a written agreement to pay appellant's assignor $100, which he alleged was lost, and not upon a parol promise to pay the debt; nor did the verbal qualification cure the error. Whether or not the assignment of the debt to appellant was in writing, was not an issue of fact raised by the pleading, and should not have been submitted to the jury; and besides, the action having been brought upon a written obligation, although lost, the statutory bar was fifteen years, and the date of the assignment could not be material.

Wherefore for the errors suggested the judgment is reversed and the cause is remanded with directions for a new trial and for further proceedings consistent herewith.

*VanWinkle, Rodes, for appellant.*

*Winfrey, for appellees.*